Opinion of the Court by
Judge Owsley.
This is an appeal from a decree of the court below, sustaining a demurrer to a bill exhibited by Dickinson, and dismissing his bill with cost.
From the bill it appears, that in obedience to a special act of the Legislature of this state, passed at the session of 1821, Joseph G. Hardin, William Gates and Benjamin Monroe, were by an order of the county court of Monroe, appointed commissioners to sell a tract of land, belonging to the estate of George Chism dec’d, and that by the provisions of the Act, the proceeds of the sale, when made, were directed to be paid over by the commissioners, to the administrators and to be assets in their hands; that in pursuance of the provisions of the Act, the land was sold, and Dickinson became the purchaser, at the price of four hundred and sixty five dollars, and executed two notes to the commissioners, each for *2 two hundred and thirty two dollars and fifty cents, to secure the purchase money.
Set off claimed by appellant of judgments against the administrators.
Purchaser of the real estate of an intestate, sold under a private statute by commissioners for money to be collected by them and paid over to the administrators, may set off in equity, judgments against the administrators as such, which he could not make by execution out of other assets: and so injoin a judgment recovered by the commissioners for the purchase money.
*2 It appears, moreover, from the bill, that Dickinson, has recovered two judgements against the administrators of George Chism, dec’d ; one for two hundred and seventy eight dollars and seventy eight cents, with interest, and the other for sixty dollars and seventy cents, with interest, &c;—and that he has also purchased from Solomon Dickinson, two judgements which he had recovered against the administrators of George Chism. dec’d;—one of which, is for sixty four dollars and fifty cents, interest,&c.—and the other is for one hundred and seventy nine dollars and twenty seven cents, with interest, &c. That upon all of these judgements, writs of execution have been issued, and returned no property found, by the proper officer, and that the administrators of Chism. have no assets in their hand ., whereby either of the executions can be collected.
The bill makes the commissioners, by whom the land was sold and the administrators of Chism defendants, and prays that the judgments recovered by the complainant, against the administrators of Chism. and those recovered against them by Soloman Dickinson and by him sold to the complainant be set off, and applied to the satisfaction of the two notes executed by the complainant to the commissioners for the purchase of the land, and upon one of which, suit has been brought by the commissioners, and judgment at law recovered against the complainant.
The bill containing these statements, we apprehend, cannot he said to contain no ground for relief in a court of equity. Though the land was sold by the commissioners and the notes for the purchase money executed to them they have no interest in the matter, other than that of faithful agents, to perform the duties imposed upon them, by the Act of Assembly under which they were appointed commissioners to sell, and by which they were required to pay the sale money to the administrators. In di *3 recting a sale of the land and requiring the sale money to be paid to the administrators, the Legislature must have intended to raise a fund for the payment of the debts of the intestate, Chism. The sale money, when received by the administrators, is declared by the Act to be assets, and would have to be applied by them to the payment or the intestate's debts. Though the notes for the purchase of the land, therefore, were executed to the commissioners, in substantial justice, they are debts coming to the estate of Chism. and in character equitable choses in action, to which the adminstrators are entitled, for the purpose of paying the debts of their intestate,
The cause is embraced by the statute subjecting equities to the payment of debts.
Mayes for appellant ; Monroe for appellees.
Thus understanding the nature of the debt, contracted by the complainant, Dickinson, in the purchase of the land, his application to a court of equity to have that debt extinguished, by the judgments which he has against the administrators, would seem to be dictated by the most plain, and obvious principles of common justice.
The propriety of such an application to a court of equity is the more striking from the circumstance, of the executions, which the complainant has against the administrators, having been returned by the proper officer, that no estate could be found whereby they might be satisfied, especially as after such a return, under the act of the Legislature of this country, the plaintiff in an execution is allowed to exhibit his bill in equity, for the purpose of subjecting to his demand, any choses in action, belonging to the debtor.
The demurer to the bill ought not therefore to have been sustained. The decree must consequently be reversed with cost, the, cause remanded to the court below, and further precedings there had, not inconsistent with this opinion.